# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENNETT DEVERMONT,<br><br>               Plaintiff,<br>vs.<br><br>CITY OF SAN DIEGO, et al.,<br><br>               Defendants. | CASE NO. 12cv1823-BEN(KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EX PARTE MOTION TO COMPEL** |

Before the Court is an Ex Parte Motion to Compel filed by defendants seeking a Court Order that: (1) requires plaintiff to provide complete responses to interrogatories; (2) allows defendants to exceed the twenty-five interrogatory limit in Federal Rule of Civil Procedure 33(a)(1) if the Court deems their interrogatories to include discrete subparts; and (3) precludes plaintiff from presenting at trial any witness or document that was not disclosed pursuant to this Court's Order requiring the parties to complete initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A-D) on or before December 3, 2012.

Defendants' Motion was filed on an ex parte basis, because plaintiff did not timely participate in the preparation of a Joint Motion as required by Chambers Rules. Defendants' counsel sent a proposed Joint Motion to plaintiff's counsel by e-mail on March 2, 2013. As of March 13, 2012, defense counsel had not received a response to the proposed Joint Motion from plaintiff's counsel. In addition, plaintiff did not timely

oppose the Ex Parte Motion as required by Chambers Rules and did not contact the Court for an extension of time to respond.

For the reasons outlined more fully below, the Court finds that defendants' unopposed Ex Parte Motion to Compel must be GRANTED in part and DENIED in part.

### *Background*

On July 24, 2012, plaintiff filed a Complaint against the City of San Diego, the City's Chief of Police, and a peace officer alleging nine causes of action for: (1) violation of civil rights based on the use of excessive force, false arrest, retaliation, and conspiracy (42 U.S.C. § 1983); (2) unlawful custom and practice (42 U.S.C. § 1983); (3) assault and battery; (4) false arrest; (5) conspiracy; (6) intentional infliction of emotional distress; (7) negligence; (8) negligent employment; and (9) violation of civil rights based on California law.  The Complaint generally alleges that police acted improperly on July 1, 2011 during a checkpoint set up to determine whether drivers were operating vehicles while under the influence of alcohol or drugs. [Doc. No. 1.]

On October 24, 2012, the Court issued an Order requiring the parties to comply with the initial disclosure requirements in Federal Rule of Procedure 26(a)(1)(A)-(D) on or before December 3, 2012. [Doc. No. 16, at p. 2.] On January 8, 2013, after a Case Management Conference with the attorneys of record, the Court issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. [Doc. No. 19.]  The Scheduling Order states that: "All fact discovery shall be completed by all parties on or before ***April 26, 2013***." [Doc. No. 19, at p. 1.]

### *Discussion*

1. ***Initial Disclosures***

Defendants' Ex Parte Motion to Compel states that plaintiff failed to meet the Court's deadline of December 3, 2012 for completing initial disclosures.  In addition, plaintiff had not served defendant with any of the required initial disclosures as of March 25, 2013, the date defendants filed their Ex Parte Motion to Compel.  As a result,

defendants seek an Order from this Court precluding plaintiff from relying at trial on any witnesses and/or documents that were not disclosed as required by the Court's Order of October 24, 2012 and Rule 26(a)(1)(A)-(D).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (3), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed.R.Civ.P. 37(c)(1). "[T]he burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). District Courts have "particularly wide latitude" to impose sanctions under Rule 37(c)(1). *Id.* at 1107. "The Advisory Committee Notes describe [the sanctions in Rule 37(c)(1)] as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material. . . . .' Fed.R.Civ.P 37 advisory committee's note (1993)." *Id.* at 1106. "Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." *Id.*

To the extent it seeks an order excluding evidence at trial, defendants' Ex Parte Motion does not raise a discovery dispute. Rather, preclusion sanctions under Rule 37(c)(1) are more properly addressed in a Motion in Limine before the District Court at the time of trial. *See, e.g.*, *Hoffman v. Construction Prot. Serv.*, 541 F.3d 1175, 1179 (9th Cir. 2008). Although defendants' request is well-founded, this Court finds that defendants' Ex Parte Motion to Compel must be DENIED without prejudice to the extent it seeks an order precluding plaintiff from presenting at trial any witness or document that was not disclosed pursuant to Federal Rule of Civil Procedure 26(a)(1)(A-D).

Sanctions, including dismissal and entry of judgment, can also be imposed by the District Court under Federal Rule of Civil Procedure 37 if a party does not participate in the discovery process or adhere to dates in a scheduling order, such as the deadline for completing initial disclosures. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir.

2011). However, "dismissal is a harsh penalty imposed only in extreme circumstances." *Id.* at 788. A District Court must weigh the following factors before imposing terminating sanctions: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004). "[I]n order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Dreith v. Nu Image, Inc.*, 648 F.3d at 788.

As yet, the record does not include evidence of wilfulness or bad faith on the part of plaintiff in failing to make initial disclosures or participate in the discovery process. However, plaintiff is forewarned that this Court will not hesitate to recommend that the District Court impose terminating sanctions if plaintiff continues to neglect his duty to comply with the deadlines set forth in the Scheduling Order or continues to resist full and complete participation in the discovery process. "[T]he duty to diligently prosecute belongs to the plaintiff, not the defendant." *Samman v. Conyers*, 231 F.R.D. 163, 165 (S.D.N.Y. 2005).

2. ***Written Discovery Requests***

On January 2, 2013, defendants served plaintiff with two sets of Special Interrogatories and a Request for Production of Documents. [Doc. Nos. 22-3, 22-4, 22-5, Exhs. A, B, C.] Plaintiff responded to these discovery requests on February 6, 2013. [Doc . Nos. 22-6, 22-7, 22-8, Exhs. D-F.] As defendants contend in their Ex Parte Motion to Compel, plaintiff merely responded to most of these discovery requests with inadequate, boilerplate objections and failed to provide substantive responses.[1]

Federal Rule of Civil Procedure 33(b)(3) states that each interrogatory must "be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3). A party's

---

[1] Plaintiff did provide adequate responses to some of Defendant Lansdowne's Interrogatories (Set One). These include Interrogatory Nos. 4, 5, 6, 7, 8, 9, 10, 13, 17, and 18.

failure to respond to interrogatories "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)." Fed.R.Civ.P. 37(d)(2).

Although a party may object to written discovery requests, the reasons for the objection "must be stated with specificity." Fed.R.Civ.P. 33(b)(4). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). For example, it is inadequate to merely state that an interrogatory is overly broad, burdensome, oppressive, or irrelevant. *Id.*

Here, a review of the discovery responses submitted with the Ex Parte Motion to Compel confirms defendants' complaint that no effort was made by plaintiff to provide substantive responses. Plaintiff provided only boilerplate, inadequate responses. Therefore, defendants are entitled to an order compelling plaintiff to provide complete, substantive responses to defendants' interrogatories.

### 3. *Twenty-Five Interrogatory Limit*

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed.R.Civ.P. 33(a)(1). Generally, Federal Rule 26(b)(2) allows the Court to limit discovery if it is unreasonable or overly burdensome.

In their Motion to Compel, defendants do not seek leave to file additional interrogatories beyond those they have already served on plaintiff. Rather, defendants are concerned that they will be deemed to have exceeded the limit in Rule 33(a)(1) if subparts are counted as separate interrogatories. As a result, defendants' seek a ruling from the Court that the interrogatories they have served on plaintiff do not exceed the limit and/or that they can reasonably exceed the limit under the circumstances.

"Interrogatories often contain subparts. Some are explicit and separately numbered or lettered, while others are implicit and not separately numbered or lettered.

Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33(a) by rendering it meaningless, unless each subpart counts as a separate interrogatory. On the other hand, if all subparts count as separate interrogatories, the use of interrogatories might be unduly restricted or requests for increases in the numerical limit might become automatic." *Safeco of America v. Rawstron*, 181 F.R.D. 441, 443 (C.D.Cal. 1998). Courts have generally found that subparts should not be counted as separate, discrete interrogatories if they are "logically subsumed within and necessarily related to the primary question." *Id.* at 444.

Here, based on a review of the interrogatories defendants have served on plaintiff, this Court cannot disagree with defendants' contention that their interrogatories do not exceed the limitation in Rule 33(a). Subparts, if any, are logically and necessarily related to the primary question. Even if the purported subparts are considered to be discrete interrogatories under Rule 33(a) they are reasonable under the circumstances. Plaintiff has alleged nine separate causes of action and seeks general, special, and punitive damages, as well as attorneys' fees and other costs from multiple defendants. As a result, defendant is entitled to make a complete inquiry into the facts plaintiff relies on to support each cause of action, and the interrogatories served are reasonably necessary to permit defendants to prepare their defense. Accordingly, the Court will not permit plaintiff to avoid a full response to each of defendants' interrogatories based on an objection that defendants have exceeded the limits in Rule 33(a). In other words, defendants are entitled to an order compelling plaintiff to fully and completely respond to all interrogatories.

### *Conclusion*

Based on the foregoing, defendants Ex Parte Motion to Compel is GRANTED in part and DENIED in part. Defendants' Ex Parte Motion to Compel is DENIED without prejudice to the extent it seeks an order excluding evidence at trial under Federal Rule of Civil Procedure 37(c)(1). Defendants may raise this issue again in a Motion in Limine before the District Court at the time of trial. Defendants' Ex Parte

1  Motion to Compel is GRANTED to the extent it seeks an Order requiring plaintiff to
2  provide full and complete responses to defendants' Special Interrogatories served on
3  January 2, 2013.  Accordingly,
4      IT IS HEREBY ORDERED THAT:
5      1.    Plaintiff shall immediately comply with the initial disclosures requirements
6  in Federal Rule of Civil Procedure 26(a)(1)(A)-(D).  Plaintiff is forewarned that
7  sanctions will be imposed under Federal Rule of Civil Procedure 37(c)(1) if he fails to
8  comply with this requirement.
9      2.    ***No later than April 19, 2013***, plaintiff shall without objection provide full
10 and complete responses to all Special Interrogatories, including subparts, that were
11 served by defendants on January 2, 2013.
12     IT IS SO ORDERED.
13 DATED:  April 12, 2013

                                    */s/ Karen S. Crawford*
                                  KAREN S. CRAWFORD
                                  United States Magistrate Judge