FILED

13 JUN 12 PM 1:04

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENNETT DEVERMONT,<br><br>                              Plaintiff,<br>vs.<br><br>CITY OF SAN DIEGO; CHIEF WILLIAM LANSDOWNE; OFFICER JOHN PERDUE #6553; and DOES 1-10, inclusive,<br><br>                              Defendants. | CASE NO. 12-CV-01823 BEN (KSC)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>[Docket No. 11] |

    Plaintiff Sennett Devermont moves to strike Defendants' twenty-five affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). For the reasons given below, Plaintiff's motion is **GRANTED IN PART**.

## BACKGROUND

    On July 24, 2012, Plaintiff filed suit against the City of San Diego, Police Chief William Lansdowne, and Police Officer John Perdue. Plaintiff alleges that he was stopped at a DUI checkpoint in downtown San Diego. He produced his driver's license to Officer Perdue but declined to answer questions or submit to a field sobriety test. Plaintiff alleges that he was arrested, handcuffed, and made to sit on the side of the road in view of passing motorists. Meanwhile, a different officer

(who is not a named defendant) searched his vehicle and wallet. Plaintiff alleges that he took a Breathalyzer test, which showed no alcohol in his system.

Plaintiff also video recorded the interaction. He alleges that the San Diego Police Department's Internal Affairs Department investigated but the Department cleared the officers of wrongdoing despite the video evidence.

Plaintiff asserts nine causes of action: (1) violation of civil rights pursuant to 42 U.S.C. § 1983, through "excessive force, false arrest, retaliation for exercising First Amendment rights, and conspiracy to deprive civil rights"; (2) a *Monell* claim; (3) assault and battery; (4) false arrest; (5) civil conspiracy; (6) intentional infliction of emotional distress; (7) negligence; (8) negligent employment / retention / supervision; and (9) violation of California civil rights laws. The first cause of action is asserted against the "Individual Defendants." The second is asserted against the City and "Emerson."[1] The third, fourth, and sixth are asserted against the City, Officer Perdue, and various Doe defendants. The eighth is asserted against the City and Chief Lansdowne. The fifth, seventh, and ninth are asserted against all Defendants.

Defendants filed an answer and raised twenty-five affirmative defenses. Plaintiff moves to strike all of the affirmative defenses on the grounds that they do not contain sufficient factual matter or are not affirmative defenses at all. Defendants filed an opposition. Plaintiff filed a reply. The Court took the matter under submission and now resolves it pursuant to Civil Local Rule 7.1.d.1.

//
//

---

[1] As there is no other reference to "Emerson" in the pleading, the Court suspects that he is a party to another action brought by Plaintiff's counsel (*see Harris v. City of Chula Vista*, No. 09-CV-2239, ECF No. 1). Unfortunately, similar errors appear throughout the complaint and answer. Paragraph 34 of the complaint, for instance, refers to plaintiff "ERIC HARRIS" and defendant "CRAFT," neither of whom are named in the caption. Paragraph 3 refers to the City of San Diego as an incorporated "county," which it is not. The complaint repeatedly refers to "Plaintiffs" when only one plaintiff is identified in the caption. Defendants' Answer, meanwhile, makes similar errors, referring to "plaintiffs" and "[t]his answering Defendant" (there are three). The Court reminds counsel to use care in drafting.

## DISCUSSION

I. **LEGAL STANDARD**

    A. **Motion to Strike**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). "Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Benham v. Am. Servicing Co.*, No. C 09-01099, 2009 WL 4456386, at *8 (N.D. Cal. Nov. 30, 2009).

An affirmative defense may be stricken if it is factually or legally insufficient. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Uriarte v. Schwarzenegger*, No. 06-CV-1558, 2012 WL 1622237, at *3 (S.D. Cal. May 4, 2012). What constitutes fair notice, however, depends on the nature of the defense being asserted. *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168, 2010 WL 3749284, at *1 (N.D. Cal. Sept. 23, 2010) (citation omitted). For well-established defenses, merely naming them may be sufficient, but for others, a party may need to allege additional factual matter to provide fair notice. *Ganley v. Cnty. of San Mateo*, No. 06-3923, 2007 U.S. Dist. LEXIS 26467, at *5 (N.D. Cal. Mar. 22, 2007) (citation and quotation marks omitted). At the end of the day, however, motions to strike "will not be granted if

the insufficiency of the defense is not clearly apparent." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004).

### B. Affirmative Defense Pleading

Plaintiff urges the Court to apply the "plausibility" pleading standard of *Twombly* and *Iqbal* to affirmative defenses. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Wyshak*, which described the more lenient "fair notice" standard, predates *Twombly* and *Iqbal*. Lower courts are divided as to whether the plausibility pleading standard for complaints also applies to affirmative defenses.

This Court has concluded that it does not. *See Rapp v. Lawrence Welk Resort*, No. 12-CV-01247, 2013 WL 358268, at *3 (S.D. Cal. Jan. 28, 2013) (reasoning that the language of the Federal Rules of Civil Procedure and judicial economy counsel against application of the more stringent standard). Several other courts in this district have reached the same conclusion. *See Roe v. City of San Diego*, No. 12-CV-0243, 2013 WL 811796, at *3 (S.D. Cal. Mar. 8, 2013); *Kohler v. Staples the Office Superstore, LLC*, No. 11-CV-2025, 2013 WL 544058, at *2-3 (S.D. Cal. Feb. 12, 2013); *Uriarte*, 2012 WL 1622237, at *3; *Weddle v. Bayer AG Corp.*, No. 11-CV-817, 2012 WL 1019824, at *2-3 (S.D. Cal. Mar. 26, 2012); *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012); *Meas v. CVS Pharmacy, Inc.*, No. 11-CV-823, 2011 WL 2837432, at *3 (S.D. Cal. July 14, 2011). Plaintiff has not persuaded the Court to change course. It will apply the more lenient "fair notice" standard.

## II. DISCUSSION

### A. First Affirmative Defense (failure to state a claim)

In the first affirmative defense, Defendants assert that Plaintiff "fails to state facts sufficient to constitute a cause of action." Plaintiff contends that the defense should be stricken because it is "no more than a bare bones recitation of the

standard for dismissal under Rule 12(b)(6)." The Court agrees.

Failure to state a claim is not a proper affirmative defense; it is deficiency with Plaintiff's prima facie case. *See Kohler v. Big 5 Corp.*, No. 12-CV-00500, 2012 U.S. Dist. LEXIS 62264, at *8 (C.D. Cal. Apr. 30, 2012) (striking an identical defense); *Nguyen*, 2010 WL 3749284, at *5 ("[D]enials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses."). Accordingly, the Court strikes the first affirmative defense.

**B.     Second Affirmative Defense (reasonable belief in lawfulness of conduct)**

In the second affirmative defense, Defendants assert that each officer acted in good faith and with the "reasonable belief that his conduct was lawful and necessary." Plaintiff claims this is not an affirmative defense and that it is not pled with sufficient particularity to provide fair notice.

The Court is not persuaded the inclusion of this defense is prejudicial to the moving party. Defendants appear to be asserting immunity pursuant to California Penal Code § 847(b)(1), which immunizes police officers for an arrest that they had reasonable cause to believe was lawful at the time. *See Turner v. Oakland Police Officers*, No. C 09-03652, 2010 WL 234898, at *5 (N.D. Cal. Jan. 14, 2010). The asserted defense indicates that Defendants will argue that the officers reasonably believed Plaintiff's arrest was lawful. Plaintiff can probe the factual basis of this defense as the case progresses. The motion to strike is denied.

**C.     Third Affirmative Defense (no statutory basis for liability)**

Defendants' third affirmative defense is that the City is "immune from liability" because "a public entity is not liable for an injury arising out its acts or omissions or of a public employee, in the absence of a statute declaring such

liability." Plaintiff claims this is not an affirmative defense and that it is not pled with sufficient particularity to provide fair notice.

The Court is not persuaded the inclusion of this defense is prejudicial to the moving party. The California Tort Claims Act provides that a "public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person," "[e]xcept as otherwise provided by statute." CAL. GOV'T CODE § 815(a); *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 746 (E.D. Cal. 2008) ("Under California law a public entity is not liable under a claim brought by a plaintiff unless liability is provided for by statute or required by the state or federal constitution."). The asserted defense indicates that Defendants will argue that, at least for certain claims, no statute affords a basis for municipal liability. Given the nature of this defense, no more is required. The motion to strike is denied.

**D.     Fourth Affirmative Defense (City shares employee's immunity)**

Defendants' fourth affirmative defense is that the City is not liable for the actions of an employee "where the subject employee is immune from liability." Plaintiff claims this is "not a defense but merely a denial of liability."

The Court is not persuaded the inclusion of this defense is prejudicial to the moving party. California law provides that, except as otherwise provided by statute, "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." CAL. GOV'T CODE § 815.2(b). Some state-law claims against the City in this action are based on the doctrine of *respondeat superior*. The asserted defense indicates that Defendants will argue that the City shares in any immunity enjoyed by the employees. Given the nature of this defense, no more is required. The motion to strike this defense is denied.

### D. Fifth Affirmative Defense (no liability for punitive damages)

The fifth affirmative defense is that the City and "its agents and employees" are not liable for punitive damages. Plaintiff contends that the City has no reason to assert this defense because he only prayed for punitive damages against the individual defendants. Plaintiff contends that the defense is insufficiently pled with respect to them.

The Court agrees. The City's assertion that it is not liable for punitive damages is immaterial. The individual defendants' disclaimer of liability is not a proper affirmative defense; it is an assertion that "Plaintiff has not proved essential elements of [his] claim." *Roe*, 2013 U.S. Dist. LEXIS 30986, at *12; *Kiswani v. Phoenix Sec. Agency, Inc.*, 2006 U.S. Dist. LEXIS 6997, at *12-13 (N.D. Ill. Feb. 22, 2006) ("Assertions that punitive damages are not recoverable or constitutional do not constitute affirmative defenses under Section 8(c).") Accordingly, the Court strikes the fifth affirmative defense.

### E. Sixth Affirmative Defense (discretionary acts or omissions); Seventeenth Affirmative Defense (Cal. Gov't Code §§ 815.2(b) and 820.2)

Defendants' sixth affirmative defense—that the City, "its agents and employees, and the Defendant police officers are not liable for injuries resulting from acts or omissions which were an exercise of discretion in the absence of a statute declaring such liability"—mirrors the seventeenth affirmative defense, which claims immunity pursuant to California Government Code §§ 815.2(b) and 820.2.[2]

---

[2] Cal. Gov't Code § 820.2 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov't Code § 815.2(b) provides: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

It is not clear to the Court how these defenses apply to the facts of the case. The alleged wrongdoing from which Plaintiff's claims arise is an alleged false arrest, however, discretionary immunity under Gov. Code § 820.2 "does not apply to an officer's decision to detain or arrest a suspect." *Liberal v. Estrada*, 632 F.3d 1064, 1084 (9th Cir. 2011). If Defendants intend these defenses to immunize them from liability for some *other* act or omission, they need to give some indication about the nature of that conduct. Otherwise, the risk of unfair surprise is too great. For that reason, the Court strikes the sixth and seventeenth affirmative defenses.

### F. Seventh Affirmative Defense (Judicial/Administrative Immunity)

In their seventh affirmative defense, Defendants assert that the City, "its agents and employees, and the Defendant police officers are not liable while acting within the scope of their duties for injuries resulting from judicial or administrative proceedings." Presumably, Defendants are referring to California Government Code § 821.6, which provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

Even if that assumption is correct, however, the defense is not pled with sufficient particularity to provide fair notice. "Government Code section 821.6 provides no immunity from liability for false arrest[.]" *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1050 (2007) (citing *Sullivan v. Cnty. of Los Angeles*, 12 Cal. 3d 710, 719-22 (1974)). This case arises from an alleged false arrest. It is not clear what judicial or administrative proceedings Defendants have in mind. To mitigate the risk of unfair surprise to Plaintiff, the Court strikes the seventh affirmative defense.

//

### G. Eighth Affirmative Defense (due care); Eighteenth Affirmative Defense (California Gov't Code §§ 820.4 and 815.2)

Defendants' eighth affirmative defense—that the City, "its agents and employees, and the Defendant police officers are not liable for the execution or enforcement of the California Penal Code where due care is exercised"—mirrors the the eighteenth affirmative defense, which asserts "due care" immunity under California Government Code §§ 820.4 and 815.2. Gov't Code § 820.4 provides that a "public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law," whereas Gov't Code § 815.2(b) permits a city to share in that immunity.

The Court is not persuaded the inclusion of this defense is prejudicial to the moving party. This case arises out of a single, brief interaction between Plaintiff and law enforcement at a DUI checkpoint. The asserted defenses are sufficient to put Plaintiff on notice of Defendants' intent to argue that the officers were exercising the law with due care during the interaction with Plaintiff. Plaintiff can probe the potential factual basis for these defenses as the case progresses. The motion to strike is denied.

### H. Ninth Affirmative Defense (color of law)

In the ninth affirmative defense, Defendants contend the City, "its agents and employees, and the Defendant police officers are not liable for violation of the plaintiffs' [sic] civil rights in that the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego." At bottom, Defendants appear to be arguing that the alleged wrongdoing did not occur "under color of law." If so, this is not a true affirmative defense; it is an attack on Plaintiff's prima facie case under § 1983. *See Huffman v. Cnty. of Los Angeles*, 147 F.3d 1054, 1057 (9th Cir. 1998) ("To be held liable under section 1983, a person

must act 'under color of' law.") As such, it is properly asserted as a denial. *See Nguyen*, 2010 WL 37492, at *5 ("Affirmative defenses plead matters extraneaous to the plaintiff's prima facie case, which deby plaintiff's right to recover, even if the allegations of the complaint are true.") The Court strikes the ninth affirmative defense.

### I. Tenth Affirmative Defense (necessary force)

In their tenth affirmative defense, Defendants contend that the police "attempted to persuade the Plaintiffs to follow directions and in doing so, only used force necessary for the occasion." Plaintiff argues the defense is not pled with sufficient particularity to provide fair notice.

The Court interprets this defense as a denial that Plaintiff was subjected to "unreasonable force," an essential element of Plaintiff's Fourth Amendment excessive force claim and related state law assault and battery claim. *See Gregory v. Cnty. of Maui*, 523 F.3d 1103, 1106 (9th Cir. 2007) ("To determine whether the force used by the officers was excessive under the Fourth Amendment, we must assess whether it was objectively reasonable[.]"); *Tekle v. United States*, No. 01-3894, 2009 U.S. Dist. LEXIS 39091, at *21 (C.D. Cal. May 8, 2009) ("In a civil assault and battery case against law enforcement, the plaintiff bears the burden of establishing the use of unreasonable force, using an inquiry similar to that employed in cases alleging Fourth Amendment violations.") Because Defendants are attacking Plaintiff's prima facie case, not pleading matters extraneous to that case, this does not appear to be a proper affirmative defense. Accordingly, the Court strikes it from the pleading.

### J. Eleventh Affirmative Defense (Plaintiff's negligence); Twentieth Affirmative Defense (Plaintiff's fault)

Defendants' eleventh and twentieth affirmative defenses assert comparative fault. First, Defendants allege that Plaintiff's own negligence and carelessness

"proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist." Second, Defendants' assert that Plaintiff's own conduct caused the "events at issue[]."[3] Neither defense is pled with sufficient particularity. A bare assertion of negligence or contributory fault without "any indication of the conduct supporting the defense" does not pass muster, even under the fair notice standard. *Roe*, 2013 WL 811796, at *6. The Court strikes the eleventh and twentieth affirmative defenses.

### K. Twelfth Affirmative Defense (performing duties required by law); Thirteenth Affirmative Defense (reasonable cause)

In the twelfth and thirteenth affirmative defenses, Defendants assert that they were "performing duties required by law under conditions required by law" and "had reasonable cause to act in the manner they did." The Court agrees that these defenses are not pled with sufficient particularity. Defendants fail to identify the basis for either defense. It is not clear if these defense apply to the arrest, the City's investigation of the incident, or something else entirely. Accordingly, Defendants fail to provide fair notice, and the Court strikes these defenses from the pleading. *See Roe*, 2013 WL 811796, at *6 (striking identical defenses).

### L. Fourteenth Affirmative Defense (Probable Cause)

In their fourteenth affirmative defense, Defendants assert that "the Defendant police officers were acting within the scope of their employment and had probable cause to believe the Plaintiffs [sic] were engaging in, or had just engaged in, a

---

[3] The twentieth affirmative defense is a mouthful. It reads:

> This answering Defendant [sic] and/or a public employees [sic] are not liable for plaintiffs' [sic] own acts and conduct caused the underlying events at issues [sic] in the complaint to occur, and but for the acts of the plaintiffs [sic], the events alleged in the complaint would not have occurred, and/or plaintiffs [sic] would not have been involved or engaged or otherwise subject to the matters alleged in Plaintiffs' [sic] Complaint, including any citation, detention, apprehension, arrest, or control or force, if any, or otherwise having sustained the matters alleged, including any and all injuries, inconvenience and damages alleged in the Complaint.

prohibited activity. During the contact, the Defendant police officers were acting within the scope of their employment and had probable cause to believe that said Plaintiffs [sic] had committed a crime." Plaintiff contends the defense is not pled with sufficient particularity.

The Court is not persuaded that the inclusion of this defense is prejudicial to the moving party. Probable cause is an affirmative defense to a false arrest claim under California law. *Sanders v. City of Fresno*, 2005 U.S. Dist. LEXIS 27375 (E.D. Cal. Sept. 30, 2005) ("For a claim of false arrest without a warrant and a claim of simple false imprisonment by a police officer . . . [the] are affirmative defense[] of probable cause to arrest . . . [is] available, depending on the circumstances."). Defendants' apparently intend to argue that they had probable cause to detain Plaintiff. At this juncture, Defendants need not allege more. Plaintiff can probe the potential factual basis for this defense as the case progresses. The motion to strike is denied.

### M. Fifteenth Affirmative Defense (jurisdiction)

In their fifteenth affirmative defense, Defendants contend that the Court is without jurisdiction over "certain claims." In opposing Plaintiff's motion, Defendants clarify that the defense is meant to apply to *all* of the claims. The Court agrees with Plaintiff that Defendants fail to provide fair notice. Two of Plaintiff's claims arise under federal law, and Plaintiff's state law claims arise out of the same incident. If this Court is entirely without jurisdiction, Defendants must give at least some indication why that is the case to provide fair notice. The Court strikes the fifteenth affirmative defense.

### N. Sixteenth Affirmative Defense (standing)

In their sixteenth affirmative defense, Defendants assert lack of standing. Defendants fail to indicate the grounds upon which the defense rests, namely *why* Plaintiff lacks standing. *See Vogel v. Linden Optometry APC*, No. CV 13-00295,

2013 U.S. Dist. LEXIS 64463, at *9-10 (C.D. Cal. Apr. 30, 2013). Moreover, because the burden of proving standing lies with the plaintiff, lack of standing is not a true affirmative defense. *See J & J Sports Prods. v. Vizcarra*, No. 11-1151, 2011 U.S. Dist. LEXIS 109732, at *6 (N.D. Cal. Sept. 27, 2011) (striking lack of standing as an affirmative defense). For these reasons, the Court strikes the sixteenth affirmative defense.

### O.  Nineteenth Affirmative Defense (Cal. Gov't Code § 820.8)

In their nineteenth affirmative defense, Defendants contend that "[t]his answering Defendant and/or . . . public employees" are not liable for an injury caused by the act or omission of another person, including pursuant to the California Government Code, including section 820.8."[4] The Court agrees with Plaintiff that the defense is not pled with sufficient particularity to provide fair notice. Defendants do not identify, even in general terms, any other "person" whose act or omission purportedly caused Plaintiff's injury. Without that much at least, the grounds for this defense are unclear. The Court strikes the nineteenth affirmative defense for failure to provide fair notice.

### P.  Twenty-First Affirmative Defense (statute of limitations and claim presentation)

Defendants' twenty-first affirmative defense includes a statute of limitations defense and a claim presentation defense. Both are insufficiently pled. Defendants first assert that "the Complaint and/or certain counts, claims and/or causes of action therein is/are barred by operation of law, including the applicable statute of limitations[.]" A statute of limitations defense "must at least provide the statutes of limitations on which [Defendants are] relying" to provide fair notice.

---

[4] Cal. Gov't Code § 820.8 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission."

*Figueroa v. Marshalls of CA, LLC*, No. CV11-06813, 2012 U.S. Dist. LEXIS 67990, at *5 (C.D. Cal. Apr. 23, 2012) (citing *Wyshak*, 607 F.2d at 827); *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 567-68 (S.D. Cal. 2012). Defendants put forth only general assertions, muddled with qualifiers.

Defendants next assert that Plaintiff failed to comply with the claims presentation requirement of the California Tort Claims Act. "As a prerequisite for money damages litigation against a public entity, the California Tort Claims Act requires presentation of the claim to the entity." *Sanders*, 2005 U.S. Dist. LEXIS 27375, at *8. "Compliance with this 'claim presentation requirement' constitutes an element of a cause of action for damages against a public entity or official." *Asberry v. Cate*, No. 11-CV-2462, 2013 U.S. Dist. LEXIS 31911, at *55 (E.D. Cal. Mar. 7, 2013) (citation omitted); *Sharnese v. California*, No. CV 10-6796, 2011 U.S. Dist. LEXIS 153076, at *21 (C.D. Cal. Aug. 24, 2011) ("Timely claim presentation is not merely a procedural requirement of the CTCA but is an element of the plaintiff's cause of action."). Accordingly, Defendants' allegation is not a true affirmative defense. The twenty-first affirmative defense is stricken.

### Q. Twenty-Second Defense (qualified immunity)

The twenty-second affirmative defense is that "Defendant"—it is not clear which—is "shielded from liability pursuant to the doctrine of qualified immunity." "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because "municipalities have no immunity from damages liability flowing from their constitutional violations," *Owen v. Independence*, 445 U.S. 622, 657 (1980), the Court presumes that the Defendants are asserting this defense on behalf of the human defendants.

This is a familiar defense with well-established contours in civil rights actions against police. The Court is not persuaded that its inclusion is prejudicial to the moving party. Plaintiff can probe the factual basis of this defense as the case progresses. The motion to strike is denied.

**R.     Twenty-Third Affirmative Defense (jury trial)**

Defendants next "reserve[] the right to a jury trial." The Court agrees with Plaintiff that this is not a proper affirmative defense. However, nothing is gained by striking this material and requiring Defendants to re-assert it under its own heading. The Court is not persuaded that the inclusion of this language is prejudicial to the moving party. The Court will simply construe it as a jury trial demand. The motion to strike is denied.

**S.     Twenty-Fourth Affirmative Defense (Rule 8 Defenses)**

In the twenty-fourth affirmative defense, Defendants "reserve[] the right to allege and do affirmatively allege and state the avoidance and affirmative defenses set forth in Rule 8 as if fully set forth herein, and particularly including assumption of risk, contributory negligence, negligence, estoppel, latches, res judicata, statute of limitations and waiver." The Court agrees with Plaintiff that these defenses are not pled with sufficient particularity to provide fair notice. The shotgun recitation of legal doctrines with numerous applications will not withstand a motion to strike. *See Qarbon.com v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). Defendants provide no indication of how any of these doctrines apply to the facts of the case. Accordingly, the Court strikes the twenty-fourth affirmative defense.

**T.     Twenty-Fifth Affirmative Defense (reservation of right to amend)**

Finally, Defendants reserve the right to amend their defenses. The Court agrees that this is not a proper affirmative defense. "Instead, if at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure." *Solis v. Zenith Capital, LLC*, 08-CV-4854, 2009

WL 1324051, at *7 (N.D. Cal. May 8, 2009) (internal citation omitted). Defendants cannot avoid the requirements of Rule 15 simply by 'reserving the right to amend or supplement their affirmative defenses.'" *Id.* The Court strikes the twenty-fifth affirmative defense.

## CONCLUSION

For the reasons stated above, Plaintiff's motion is **GRANTED IN PART**. The Court's order is as follows:

1. The Court **STRIKES** the first, fifth, sixth, seventh, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, nineteenth, twentieth, twenty-first, twenty-fourth, and twenty-fifth affirmative defenses.

2. The Court **DENIES** Plaintiff's motion to strike the second, third, fourth, eighth, fourteenth, eighteenth, twenty-second, and twenty-third affirmative defenses.

Defendants may amend their pleading to the extent they believe in good faith they can cure the deficiencies identified. If they choose to file an amended answer, they must do so within 21 days of this order.

**IT IS SO ORDERED**

DATED: June //, 2013

HON. ROGER T. BENITEZ
United States District Court Judge